IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL JONATHON DANIELS,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF FOLSOM, SERGEANT ANDREA CHAPMAN, POLICE CHIEF SAM SPIEGEL, SHARON BLACKBURN, SERGEANT RICK HILLMAN, FOLSOM POLICE DEPARTMENT FIELD OPERATIONS DIVISIONS CAPTAIN PAUL BONAVENTURE, CITY MANAGER KERRY MILLER, OFFICER WARNER HERNDON, OFFICER C. FRIEDERICH, OFFICER JAMES DORRIS, OFFICER H.R. ALVAREZ, OFFICER PAUL RICE, and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. 2:10-CV-00630-FCD-JFM<br><br>**STIPULATION AND ORDER REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |

This Protective Order (hereinafter **"ORDER"**) is entered into by and between plaintiff and defendants in this matter, through their counsel of record, as follows:

1. <u>Information and Matters Subject to this **ORDER**</u>.  This stipulation and order shall govern all **"CONFIDENTIAL"** information (as defined hereafter) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof.

2. The term "**CONFIDENTIAL**" means any information designated as **CONFIDENTIAL** by the parties.  Only the following information may be so designated:

   (a) All information in or regarding health records of Micheal Jonathan Daniels, including treatment notes and records, consultation notes and records, histories, examinations, findings, diagnosis, prognosis, observations, impressions, conclusions, recommendations, sign-in sheets, admission records, doctor's notes/instructions, nurses' notes, examinations/consultation notes, in-patient and out-patient treatment records, discharge records and any other health-related records;

   (b) All documents in and information regarding personnel records, employment files, performance evaluations, physical/mental evaluations, disciplinary action, citizen complaints, internal affairs investigations, and all other employment-related writings regarding any employee of the City of Folsom produced in this action.  Defendants will not disclose confidential personal information, including but not limited to the home address, bank account number(s), Social Security number, credit card number(s), driver's license number, home phone number, or other such personal, financial, or medical information of any employee of the City of Folsom, and before producing such will redact this information as necessary;

   (c) All information in or regarding policies, procedures, manuals, training manuals or curriculum and other documents regarding personnel practices and training practices of the City of Folsom produced in this action that are otherwise exempted from public disclosure under California Government Code Section 6254(f).

3. Confidential information may be disclosed only to the following persons:

   (a) Counsel of record, parties, and third party administrators;

   (b) Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record;

    (c) Court personnel, stenographic reporters, and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

    (d) Any outside expert or consultant retained by the parties for purposes of this litigation, and;

    (e) Witnesses to whom **CONFIDENTIAL** information may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and during trial, provided that the witness shall be informed of and shall agree to be bound by the terms of this order.

  4. Any information sought to be protected is properly subject to protection under FRCP Rule 26(c), and the parties and counsel shall not designate any discovery material **CONFIDENTIAL** without first making a good faith determination that protection is warranted.

  5. Any party seeking protection under FRCP Rule 26(c) has the burden of proof to show that such protection is warranted.

  6. The designation of information as **CONFIDENTIAL** shall be made, whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words "**CONFIDENTIAL**," or by the designation of categories of documents as "**CONFIDENTIAL**."  If such designation is not possible prior to production, the designation must be made by the producing party within twenty (20) days after disclosure.  The information shall be treated as **CONFIDENTIAL** until the twenty (20) days has elapsed.  Within such twenty (20)-day period, the disclosing party must notify all **PARTIES** in writing of the precise information sought to be designated as **CONFIDENTIAL**.  In the event of a mistake or inadvertent disclosure is discovered post-production, a subsequent designation of **CONFIDENTIAL** shall be deemed effective as of the date of the notice.

  7. If any party believes any designation of a document as **CONFIDENTIAL** is inappropriate, the parties will meet and confer and attempt to resolve the issue on an expedited basis.  If the parties are unable to mutually agree on a resolution, the parties will submit the documents to the magistrate judge under seal to determine whether and to what extent such information should be deemed **CONFIDENTIAL**.  Additionally, the parties will provide the Court with a joint statement containing a challenge to the designation and the opposing party's justification for the designation.

8.     <u>Disclosure of **CONFIDENTIAL** information</u>.  Each individual, other than counsel whose law firms are actual signatories to this **ORDER**, to whom **CONFIDENTIAL** information is furnished, shown, or disclosed, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this **ORDER** and agree to be bound by its terms, and shall certify that s/he has carefully read the **ORDER** and fully understands its terms.  Such person must also consent to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to enforcement of this **ORDER**, including any proceeding relating to contempt of court.  The certificate shall be in the form attached hereto as **Appendix A**.  Counsel making disclosure to any person as described herein shall retain the original executed copy of such certificate until final termination of this case.

(a)     <u>Disclosure during Depositions</u>.  In the event that **CONFIDENTIAL** information is disclosed, revealed, utilized, examined or referred to during depositions, then only persons permitted to receive such information by this **ORDER**, the deponent, and the court reporter shall be present.  If **CONFIDENTIAL** information is made exhibits to, or if **CONFIDENTIAL** information is the subject of examination during, a deposition, then arrangements will be made with the court reporter to separately bind those exhibits and those portions of the transcript containing **CONFIDENTIAL** information, <u>and each page on which such **CONFIDENTIAL** information appears shall be stamped with the word "**CONFIDENTIAL**."</u>  Those exhibits and transcript portions shall be placed in a sealed envelope or other appropriate sealed container on which shall be endorsed "<u>Daniels v. City of Folsom, *et al.*</u>, Confidential Pursuant to Order in Case No. 2:10-CV-00630-FCD-JFM," and a statement substantially in the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE ORDER OF COURT, IN "<u>Daniels v. City of Folsom, *et al.*</u>, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, CASE NO. 2:10-CV-00630-FCD-JFM, AND CONTAINS CONFIDENTIAL DOCUMENTS PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING.  IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED, EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

Each court reporter participating in any deposition involving **CONFIDENTIAL** information shall be informed of and provided with a copy of this **ORDER** and exhibit hereto and shall be requested

to sign a copy of said exhibit.  Furthermore, each court reporter participating in any deposition involving **CONFIDENTIAL** information shall show a copy of this **ORDER** to any other person participating in the preparation of any deposition transcript and shall have such person sign a copy of said exhibit.

    (b) <u>Papers Filed in Court</u>.  If any party wishes to file any document containing **CONFIDENTIAL** information with the court, that party shall file and serve a motion requesting an order authorizing the filing of such documents under seal, or an order authorizing the redaction of **CONFIDENTIAL** information from the documents.  The motion shall be filed and served in accordance with Local Rules 140 and/or 141.  Upon the Court's Order granting a motion to file **CONFIDENTIAL** information under seal or to file redacted information, all documents shall be filed or submitted to the Court in accordance with Local Rules 140 and/or 141.

 In the event that the Court denies any party's motion requesting an order authorizing the filing of documents containing **CONFIDENTIAL** information under seal or in redacted form, such **CONFIDENTIAL** information shall not be filed with the Court, but shall instead be returned to the moving party.

    (c) <u>Disclosure to Experts</u>.  In case of any disclosure to an expert, consultant, or other qualified person under paragraph 3 above, the disclosing party shall make reasonable efforts to ensure that the **CONFIDENTIAL** information disclosed is not disseminated in any form to anyone by such expert, consultant, or other qualified person and that said **CONFIDENTIAL** information and any copies or summaries thereof are returned in their entirety to the disclosing party after they are no longer needed in this action.

    (d) <u>Disclosure of **CONFIDENTIAL** information to non-qualified persons</u>.  In the event that any party desires **CONFIDENTIAL** information to be disclosed, discussed, or made available to any person other than a qualified person listed in paragraph 3, such party shall submit to opposing counsel a written statement specifically identifying the **CONFIDENTIAL** information to be disclosed and the name, title, and business relationship of the persons with whom they wish to communicate.  Counsel for the opposing party shall have fifteen (15) calendar days from the date notice was served to object to the disclosure to any person identified in the notice.  If the parties are unable to agree on the terms and conditions of the requested disclosure, the party seeking disclosure may file and serve on

1  opposing counsel a notice of motion and motion for authority to make such disclosure.  Such motion
2  shall be filed and served pursuant to Local Rule 230.  Unless opposing counsel responds timely in
3  writing to the fifteen (15)-day notification provided for above, the persons named in the notice shall,
4  subject to the terms and conditions of this **ORDER**, be entitled to receive only that **CONFIDENTIAL**
5  information specified in this notice.

6         (e)    <u>Disclosure to Author or Addressee</u>.  Nothing in this **ORDER** shall preclude the
7  disclosure of **CONFIDENTIAL** information to any person who authored, prepared, was an addressee of,
8  received a copy of, or participated in the preparation of such **CONFIDENTIAL** information.

9      9.    <u>Further Protection</u>.  Nothing contained in this **ORDER** shall be deemed to preclude any
10 party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate
11 showing, a further protective **ORDER** relating to **CONFIDENTIAL** information or relating to any
12 discovery in this case, (b) to apply to the Court for an **ORDER** requiring the removal of the
13 **CONFIDENTIAL** designation from any document pursuant to Paragraph 6 above; and (c) to apply to
14 the Court for any relief from a provision of this Stipulation and **ORDER**, upon good cause shown.
15 Nothing in this **ORDER** shall be construed as preventing any party from making application to the Court
16 for revision of the terms of this **ORDER**.

17     10.    <u>Contempt</u>.  Upon any violation of the provisions set forth in this **ORDER,** the party
18 asserting the violation may file and serve an appropriate motion seeking an order holding the violating
19 party either in contempt of this Court or in violation of this **ORDER**.

20     11.    <u>General Provisions</u>.

21        (a)    This **ORDER** is the result of negotiations by attorneys for the parties and shall not
22 be construed against any party or signatory to this **ORDER** because that party or their counsel may have
23 drafted this **ORDER** in whole or in part.  This **ORDER** shall be construed and interpreted fairly in
24 accordance with its purpose and plain meaning.

25        (b)    This **ORDER** shall continue to be binding after the conclusion of this litigation,
26 except that a party may seek written permission from the opposing parties or further **ORDER** of the
27 Court with respect to dissolution or modification of this **ORDER**.

28

1  (c) Within thirty (30) days after the conclusion of this case, any and all original, copy, 2 portion, version, or summary of any **CONFIDENTIAL** information materials in the possession, control, 3 and/or custody of any qualified person shall be returned. Counsel of record for a party returning 4 **CONFIDENTIAL** information shall verify by declaration under oath that all such information has been 5 returned and that it has not retained any such information or derivatives therefrom. Counsel may retain 6 copies of briefs filed with the Court and work product so long as it is maintained in accordance with this 7 **ORDER**.

8  (d) Disclosure of **CONFIDENTIAL** information shall not constitute a waiver of the 9 attorney-client privilege, work-product doctrine, or any other applicable rights or privilege.

10  (e) Notices pursuant to this **ORDER** shall be sent to the attorneys for the parties listed 11 on the signature page of this **ORDER** unless notified in writing of a change.

12  (f) This **ORDER** shall not constitute an admission by any of the parties that 13 information identified as **CONFIDENTIAL** is in fact confidential or the subject of entitlement thereto. 14 This **ORDER** is entered into solely to expedite discovery and meet the respective concerns of the parties. 15 This **ORDER** shall not be considered an admission of validity to any claim of confidentiality hereunder 16 except as is necessary to enforce the terms of the **ORDER** as provided herein.

17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28

   (g) The Court's jurisdiction to enforce the terms of this order shall extend until six months after the final termination of this action.

  The above is stipulated to by the respective counsel for the parties as follows:

                    Respectfully submitted,

Dated:  March 23, 2011      ROSEN, BIEN & GALVAN, LLP

                    By: */s/ Sumana Cooppan* (as authorized on March 23, 2011)
                       SUMANA COOPPAN
                       Attorneys for Plaintiff

Dated:  March 23, 2011      ANGELO, KILDAY & KILDUFF

                    By: */s/ Carrie A. Frederickson* (as authorized on March 23, 2011)
                       CARRIE A. FREDERICKSON
                       Attorneys for Defendants

                **ORDER**

**IT IS SO ORDERED.**

DATED: April 1, 2011.

                       UNITED STATES MAGISTRATE JUDGE

/014;dani0630.stip(2)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPENDIX A**

I, _____, declare as follows:

1. My home address and telephone number are _____.

2. The name, address and telephone number of my employer are: _____.

3. I have received a copy of the Stipulation Regarding Confidentiality and for Protective Order and Protective Order (hereinafter the "**ORDER**") filed in the above-entitled action.

4. I have carefully read and understand the terms of the **ORDER**.

5. I hereby agree to be bound by the terms of the **ORDER**.

6. During the pendency and after final resolution of this case, I will hold in confidence and not disclose to anyone not qualified under the terms of the **ORDER** any confidential writings, documents, things, information, or discovery disclosed to me.

7. I agree to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with regard to any proceeding relating to the enforcement of the **ORDER**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this \_\_\_\_ day of _____ (month), _____ (year), at _____ (city), California.

Dated: _____       _____